No. 19-0905 – *Home Inspections of VA and WV, LLC v. Hardin*

**FILED**
**November 24, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Hutchison, Justice, dissenting**:

Whenever this Court confronts a case with the word "arbitration," the true issue in the case invariably has nothing to do with arbitration. Instead, the issue focuses on some picayune problem every lawyer addressed in their contracts class the first year of law school. Invariably, somewhere in the case file we find a lawyer or judge who gets all misty-eyed with reverence because somebody said the word "arbitration," like it has some mystical effect. At its root, though, the case always turns on some basic contract formation issue like offer, acceptance, or consideration, or some contract defense like waiver or unconscionability.

That's what this case is: a run-of-the mill fact pattern with a run-of-the-mill law-school legal issue. It's a well-worn tale: plaintiff Hardin contracted to buy two homes and then hired defendant Home Inspections of VA and WV to give the properties a review. The inspection was or was not negligent, it supposedly misses defects, the plaintiff completed the purchase and discovered the defects, and the plaintiff sued the inspector.

This appeal, of course, has nothing to do with the merits of the parties' claims and defenses. No, this case is about the inspection company's contract. *After* the inspection was complete, the inspection company had the plaintiff sign a contract.[1] That contract has

---

[1] The manner in which this contract was formed suggests some element of procedural unconscionability. The terms of the contract also suggest substantive

1

the clause that is the center of this appeal. It has a title saying "Arbitration," but the one-sentence paragraph that follows says absolutely nothing about arbitration:

> Any dispute concerning the interpretation of this agreement or arising from this inspection report, except for inspection fee payment, shall be resolved informally between the parties.

unconscionability because, under the majority opinion's interpretation, the lopsided contract precludes the homeowner from every going to court while simultaneously permitting the home inspector to go to court on the one issue most likely to engender a dispute: payment of the inspection fee.

Our case law holds that "[a] contract term is unenforceable if it is *both* procedurally and substantively unconscionable." Syl. pt. 20, in part, *Brown v. Genesis Healthcare Corp.*, 228 W. Va. 646, 724 S.E.2d 250 (2011) (emphasis added). This holding, however, seems to directly conflict with the Uniform Commercial Code, with permits a court to find a contract term unenforceable if it is only substantively unconscionable. *See* W. Va. Code § 46-2-302 ("If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract[.]"). Other state courts have also found that "[s]ubstantive unconscionability alone is sufficient to support a finding of unconscionability." *McKee v. AT & T Corp.,* 191 P.3d 845, 857 (Wash. 2008).

I believe Syllabus Point 20 of *Brown* deserves to be reconsidered and modified. As the Supreme Court of Missouri found,

> it is inaccurate to suggest that an agreement or provision must be separately found to be both procedurally and substantively unconscionable to be invalid. It is more accurate to state that a court will look at both the procedural and substantive aspects of a contract to determine whether, considered together, they make the agreement or provision in question unconscionable.

*Eaton v. CMH Homes, Inc.*, 461 S.W.3d 426, 432-33 (Mo. 2015) (cleaned up).

2

My first thought reading this clause was the obvious one: whatever lawyer wrote this should be stripped of his license. I am all for brevity in writing, but this paragraph is beyond brief. It is ambiguous and downright meaningless. The heading does say "arbitration," but what follows has nothing to do with arbitration. My research revealed that this clause was taken from a form "home inspector contract" that is floating around in the legal world. That form has a complete arbitration clause with details about how to conduct an arbitration, details that, sadly, some lawyer got their hands on and butchered to create the pitiful little clause above. What the majority opinion fails to acknowledge is, a federal court has looked at the form home inspector contract and concluded that the above clause has *absolutely nothing to do with arbitration*.

In *Harkleroad v. Claxton*, No. CV 408-167, 2009 WL 10678091 (S.D. Ga. June 10, 2009), a federal judge in Georgia looked at a lawsuit between a homeowner and a home inspector over a supposedly negligent inspection (which, as I said, is a run-of-the-mill fact pattern). When the homeowner sued, the home inspector responded with a motion to compel arbitration. The Georgian home inspector's contract had the following, *complete*, arbitration clause:

> Arbitration: Any dispute concerning the interpretation of this agreement or arising from this inspection and report, except one for inspection fee payment, shall be resolved informally between the parties *or by arbitration conducted in accordance with the rules of a recognized arbitration association* except that the parties shall select an arbitrator who is familiar with the home inspection industry. The arbitrator shall conduct summary judgment motions and enforce full discovery rights as a court would as provided in civil proceedings by legal code.

3

2009 WL 10678091, at *1 (emphasis added).

In the instant case, the drafter deliberately excised all of the language that actually talked about arbitration.  In the instant case, the clause says cases "shall be resolved informally between the parties;" in the Georgia case, the paragraph said cases "shall be resolved informally between the parties *or by arbitration*," then described the arbitration process the parties agreed to follow.

The homeowner in Georgia argued that the phrase "shall be resolved informally between the parties" was "vague and ambiguous."  The federal court agreed, but then said the ambiguity in the phrase was offset by the phrase "or by arbitration."  As the federal court said, the "shall be resolved informally" "language can reasonably be interpreted to mean that if the parties cannot settle any disputes between themselves without resorting to legal measures, i.e. 'informally,' then they must arbitrate (as opposed to going to court)." *Id.* at *3.

Somehow the majority opinion failed to recognize, like the federal court in Georgia, that the clause at issue in this case says nothing more than that the parties should try to settle disputes between themselves without resorting to legal measures.  To the extent the clause has the word "arbitration" in the title, the word has no agreed-upon effect to the parties who formed the contract.

Ambiguity exists in a contract when a term or condition is uncertain in meaning or can be fairly understood in more than one way.  "The term 'ambiguity' is

4

defined as language reasonably susceptible of two different meanings or language of such doubtful meaning that reasonable minds might be uncertain or disagree as to its meaning." Syl. pt. 4, *Estate of Tawney v. Columbia Nat. Res., L.L.C.*, 219 W. Va. 266, 633 S.E.2d 22 (2006). "Contract language is considered ambiguous where an agreement's terms are inconsistent on their face or where the phraseology can support reasonable differences of opinion as to the meaning of words employed and obligations undertaken." Syl. pt. 6, *State ex rel. Frazier & Oxley, L.C. v. Cummings*, 212 W. Va. 275, 569 S.E.2d 796 (2002). *See also Williams v. Precision Coil, Inc.*, 194 W. Va. 52, 65 n. 23, 459 S.E.2d 329, 342 n. 23 (1995) ("A contract is ambiguous when it is reasonably susceptible to more than one meaning in light of the surrounding circumstances and after applying the established rules of construction.").

In this case, the phraseology that the drafter used in the disputed clause supports reasonable differences of opinion. The circuit court wisely reached this conclusion. This is not a "did so/did not" situation where one party says the clause is ambiguous and the other says it is not. The circuit judge, and two justices on this Court, say the clause makes no sense. Even the majority opinion says the language is vague because "there are various methods of informally resolving a dispute." ___ W.Va. ___, ___, ___ S.E.2d ___, ___ (Nov. 19, 2020) (Slip. Op. at 9). So despite centuries of law holding that ambiguous contracts are construed against the drafter, the majority opinion gives this inspection contract a construction favorable to the drafter.

5

What really troubles me is the majority opinion's conclusion. The majority concludes, on the one hand, that the clause is "clear" and shows the parties' unambiguous agreement to arbitrate. But on the other hand, the majority opinion concedes that the clause says absolutely nothing about the parties' agreement to arbitrate. It does not say who should conduct the arbitration, how or by what rules it should be conducted, when, where, or most importantly, who should pay. The majority opinion just points out that the Federal Arbitration Act (9 U.S.C. § 5) and the West Virginia Revised Uniform Arbitration Act (W. Va. Code § 55-10-13) empower the circuit court to appoint an arbitrator.

Speaking as a former circuit judge, and in the context of this case, I am flummoxed how a judge is supposed to write the parties a new arbitration agreement. This is not a situation where the parties have clearly agreed to a contract and the judge is just helping fill in some blanks, guided by the parties' intent. No, the majority opinion is actually telling the judge to create out of whole cloth a new arbitration contract. Not only is there an arbitrator to be appointed, the judge also gets to pick the rules that the arbitrator will use, define when and where the arbitration will take place, and can decide who will pay the arbitrator and how much that arbitrator gets paid.

An even more troubling implication of the majority opinion is this: what if the judge imposes contractual terms on the parties that are unconscionable or unfair? Can the parties really object, if the judge is simply giving effect to the meaningless language in their contract? In this case, the defendant home inspector is demanding that the so-called "arbitration clause" be enforced and is demanding that the circuit judge, supposedly, "fill

6

in a few blanks." Does that mean the judge can appoint as arbitrator a lawyer paid for exclusively and lavishly by the defendant who is demanding arbitration? Can the judge order that the arbitration be conducted in the judge's courtroom under the Rules of Civil Procedure and the Rules of Evidence, with an informal advisory panel of six neutral members of the community to help resolve questions of fact? In the future, can a defendant honestly complain that the judge's arbitration terms were not contemplated by the parties in their original agreement? Because, frankly, nothing seems to have been contemplated by the home inspector's lawyer when the "arbitration clause" in this case was drafted, so it is impossible to say what the parties' meant by the clause.

I do not believe that circuit judges should be in the business of writing entire contracts for litigants, whether they pertain to arbitration or not. The circuit court saw that this clause was incomprehensible and refused to enforce it because it was ambiguous and meaningless. I dissent because the majority opinion saw the word "arbitration" and decided to give it whatever meaning they chose, without understanding the far-reaching consequences.